IN UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Darrius Key,<br><br>    Plaintiff,<br><br>vs.<br><br><br>Experian Information Solutions, Inc.,<br>an Ohio corporation,<br>Equifax Information Services, LLC,<br>a Georgia limited liability, and<br>Diversified Adjustment Service, Inc.,<br>a foreign corporation,<br><br>    Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, DARRIUS KEY, BY AND THROUGH COUNSEL, DANIEL BRENNAN, ESQ., and for his Complaint against Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Conyers, Rockdale County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Conyers, Rockdale County, Georgia.

6. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation that conducts business in the state of Georgia;

    b. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the state of Georgia;

    c. Diversified Adjustment Service, Inc., ("Diversified") is a foreign corporation that conducts business in the state of Georgia.

## GENERAL ALLEGATIONS

7. Diversified is reporting its Collection Item ("Errant Collection Item") as open with a balance of $1,675.00 with original creditor as Sprint.

8. This information is false as the account reflected by the Errant Collection Item was discharged in Plaintiff's Chapter 13 Bankruptcy.

9. On February 8, 2014, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Georgia Atlanta Division ("the Court").

10. On June 27, 2019, Plaintiff received an Order of Discharge and an Order Approving Account, Discharging Chapter 13 Trustee and Closing Estate.

11. The Chapter 13 Trustee's accounting showed Sprint Corp filed an unsecured claim in the amount of $1,102.93 and received a payment of $49.05 in Plaintiff's Chapter 13 case.

12. On October 8, 2020, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Collection Item reporting as open with a balance of $1,675.

13. On September 28, 2020, Plaintiff obtained his Experian credit disclosure and noticed the Errant Collection Item reporting as open with a balance of $0.00.

14. On or about November 30, 2020, Plaintiff submitted a letter to Equifax and Experian, (the "CRAs") disputing the Errant Collection Item.  In his dispute letter, Plaintiff explained that the debt owed to Sprint is false because it was included in his Chapter 13 Bankruptcy case and that the Errant Collection Item was later discharged.  He attached the Chapter 13 Standing Trustee's Final Report and Account and the Order Approving Account, Discharging Chapter 13 Trustee and Closing Estate confirming same.  Accordingly,

Plaintiff asked the CRAs to remove the Errant Collection Item from his credit disclosures.

15. The CRAs forwarded Plaintiff's consumer dispute to Diversified.

16. In response to Plaintiff's dispute, Diversified incorrectly verified to the CRAs that its reporting of the Errant Collection Item was accurate.

17. On January 14, 2021, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Diversified failed and/or refused to remove the Errant Collection Item from his credit disclosure.

18. On January 8, 2021, Plaintiff obtained his Experian credit disclosure, which showed that Experian and Diversified failed or refused to remove the Errant Collection Item from his credit disclosure.

19. The Errant Collection Item is reporting incorrectly.  Its false and misleading to any user of the credit report who reviews it.

20. The Errant Collection Item, reporting a balance that has been discharged in bankruptcy, uses more of the Plaintiff's credit utilization and thus, drives his credit score down.  A lower credit score makes it harder to obtain employment, housing, or credit.  Hence, the Errant Collection Item is causing the Plaintiff significant credit damage and hampers his ability to obtain credit.

21. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DIVERSIFIED

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by the CRAs of Plaintiff's consumer dispute of the Errant Collection Item, Diversified negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

24. Diversified negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct the CRAs to remove the Errant Collection Item from his credit disclosure.

25. The Errant Collection Item is inaccurate and is creating a misleading impression on Plaintiff's consumer credit file with the CRAs to which it is reporting such Collection Item.

26. As a direct and proximate cause of Diversified's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. Diversified is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

28. Plaintiff has a private right of action to assert claims against Diversified arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Diversified for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DIVERSIFIED

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Diversified willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

31. Diversified willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

32. As a direct and proximate cause of Diversified's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. Diversified is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Diversified for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

36. Such reports contained information about Plaintiff that was errant, misleading, and inaccurate.

37. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

38. After receiving Plaintiff's consumer dispute to the Errant Collection Item, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

43. Such reports contained information about Plaintiff that was errant, misleading, and inaccurate.

44. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

45. After receiving Plaintiff's consumer dispute to the Errant Collection Item, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

50. Such reports contained information about Plaintiff that was errant, misleading, and inaccurate.

51. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

52. After receiving Plaintiff's consumer dispute to the Errant Collection Item, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

57. Such reports contained information about Plaintiff that was errant, misleading, and inaccurate.

58. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

59. After receiving Plaintiff's consumer dispute to the Errant Collection Item, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

61. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 11, 2021

By: /s/ Daniel Brennan
Daniel Brennan, Esq.
Credit Repair Lawyers of America
GA Bar Number 271142
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (404) 591-6680
E-Mail: daniel@crlam.com
*Attorneys for Plaintiff*
